**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Johnnie William IVEY and Joseph Taglione, Defendants-Appellants.**

**No. 76–1205.**

United States Court of Appeals, Fifth Circuit.

April 8, 1977.

Lester J. Quartel (Court-appointed), Fort Lauderdale, Fla., for Ivey.

Fred Haddad (Court-appointed), Fort Lauderdale, Fla., for Taglione.

John L. Briggs, U. S. Atty, Jacksonville, Fla., Terrance Smiljanich, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

ON PETITIONS FOR REHEARING

(Opinion January 28, 1977, 5 Cir. 1977, 546 F.2d 139)

Before TUTTLE, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In the original opinion in this case, *United States v. Ivey,* 546 F.2d 139 (5th Cir. 1977), the panel dismissed defendants' claim

244

that error occurred when the prosecutor in rebuttal argument stated that either side could have called as a witness the manager of the airport where the seizure of marijuana took place. After holding that the statement was properly in response to defense argument and was not an impermissible implication that the defendant need call witnesses or testify himself, the court commented that no objection to the argument was made. This comment is inaccurate. Prior to the government's closing argument, the prosecutor requested a bench conference to indicate he would respond to defense assertions that the government's failure to call the airport manager should lead to inferences favorable to the defendants. Though no objection was entered at the time of the prosecutor's statements to the jury, counsel for defendant Taglione did object during the bench conference. The alteration in the factual matrix does not require a different conclusion as to the legal effect of the government's argument, since the statements were in response to defense argument and were followed by proper instructions as to the defendant's right not to present any evidence.

The petitions for rehearing presented by Ivey and Taglione are

DENIED.