Jack G. NEAL, Petitioner–Appellant,

v.

The STATE OF TEXAS, James A. Lynaugh, et al., Respondents–Appellees.

No. 88–6025

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 19, 1989.
Rehearing Denied May 22, 1989.

David L. Botsford, Alvis, Carssow, Von Kreisler & Gotcher, Austin, Tex., for petitioner-appellant.

Charles Palmer, Jim Mattox, Atty. Gen. Austin, Tex., for respondents-appellees.·

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Claiming violations of his rights to the assistance of counsel and to due process, Jack G. Neal, a Texas state prisoner, appeals the rejection of his 28 U.S.C. § 2254 petition for federal habeas relief. Finding no constitutional infirmity, we affirm.

### Background

Neal served as district attorney of the Eighth Judicial District of Texas from January 2, 1973 until December 31, 1976. On September 13, 1976 the state comptroller issued to Neal a warrant in the amount of $7,000 for payment of salaries of investigators and secretaries employed by the district attorney's office. Neal maintained one bank account, entitled "Jack G. Neal, Attorney," for both his private law practice and his public office. By the end of September the balance in the account had fallen to less than one dollar, with outstanding checks being held. On September 27, 1976, Neal deposited the $7,000 warrant, which was immediately credited, and the outstanding checks were cleared. Checks were then drawn in payment to Neal's sec-

retary, who functioned in both his public and private law offices, for cash, to various individuals, including Neal's former wife, and businesses such as a country club and a cable television company. At year's end the balance in the account was $1,783.88.

In June 1977 Neal was indicted for official misconduct in violation of section 39.01(a)(5) of the Texas Penal Code.[1] A motion to quash the indictment was denied, and on November 14, 1977 trial began before Judge Sam Houston. On the second day of trial Neal's attorney, Edward Palmer, became ill and the trial was recessed until November 21, 1977. On that date Judge Houston declared a mistrial and quashed the indictment.

On February 3, 1978 Neal was reindicted, again for violating section 39.01(a)(5). However, while the first indictment charged Neal with unlawfully taking and misapplying money, the second focused on misapplication of the warrant.[2] On March 3, 1978, Judge Houston wrote Neal and the special prosecutor assigned to the case, advising that a pretrial hearing would be held on March 22, 1978 and that trial would begin on April 3, 1978. In the letter Judge Houston expressed his understanding that Palmer would no longer be representing Neal, but that Neal would proceed *pro se.* In a subsequent telephone call to the judge, Neal confirmed that Palmer would not represent him, that he might retain Dallas attorney William Alexander, and that he would appear *pro se* in a motion to quash the indictment.

---

1. At that time, section 39.01(a)(5) provided:
Official Misconduct.

   (a) A public servant commits an offense if, with intent to obtain a benefit for himself or to harm another, he intentionally or knowingly:

   .  .  .  .  .

   (5) takes or misapplies any thing of value belonging to the government that may have come into his custody or possession by virtue of his employment, or secretes it with intent to take or misapply it, or pays or delivers it to any person knowing that such person is not entitled to receive it.

2. The second indictment stated that on or about September 27, 1976, Neal:

did then and there, while a public servant, to-wit: District Attorney of the Eighth Judicial District of Texas, with intent to obtain a benefit for himself, intentionally and knowingly take and misapply a thing of value belonging to the State of Texas, to-wit: a Texas State Treasury Warrant Number PO88795 in the amount of $7,000.00, issued September 13, 1976, by the State Comptroller of Public Accounts pursuant to Item 14, Judiciary Section—Comptroller's Department, Senate Bill 52, 64th Legislature, 1975, which came into [Neal's] custody and possession by virtue of his office and employment.

At the March 22 hearing, Neal presented a motion signed by him and Palmer declaring:

> Jack G. Neal, defendant, is a duly licensed attorney of the State Bar of Texas with many years of trial experience in both civil and criminal matters; that he is well able to represent himself in this cause, being knowledgable [sic] both as to the law and the facts; and, further, that he desires to appear *pro se* in this matter, and that he has so appeared in this cause to this time.

In response, Judge Houston released Palmer from any responsibility in the case and authorized Neal "to appear *pro se* in the case at bar." As the hearing progressed, the motion to quash was presented and denied. Neal maintains that during the pretrial hearing he began to think that he might need an attorney, that he informally so advised the judge, suggesting that he might need more time for preparation. The judge apparently construed Neal's statements as a request for a continuance, which was formally denied the next day.

On March 25, 1978 Neal sought to retain Alexander. On March 27 Alexander, who was scheduled for another trial on April 3, telephonically requested a continuance from Judge Houston. The request was refused. On the morning of trial, Neal filed a motion for a continuance until such time as Alexander could appear as his attorney. The motion was denied. The case proceeded with Neal acting *pro se*. The jury found Neal guilty and imposed a sentence of five years imprisonment and a fine of $5000.

The conviction was affirmed on appeal, *Neal v. State*, 689 S.W.2d 420 (Tex.Crim. App.1984) (en banc), *cert. denied*, 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985), and Neal sought federal habeas relief. Following a hearing, the magistrate filed a report and recommendation that Neal's petition be denied. Neal filed objections. The district court accepted and adopted the magistrate's report and recommendation and granted Neal a certificate of probable cause. Neal appealed.

## Analysis

### 1. Assistance of Counsel

Neal maintains that his constitutional right to the assistance of counsel was abridged when he was forced to trial without an attorney. In the seminal case of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that under the sixth and fourteenth amendments one charged with a crime has the right to waive counsel and conduct his own defense. We have held that "the right to counsel is in force until *waived,* [but] the right of self-representation does not attach until *asserted.*" *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir.1982) (en banc) (emphasis in original). Further, the decision to proceed *pro se* must be evidenced by an affirmative waiver of counsel, *id.*, which must be clear and unequivocal, *Johnson v. McCotter*, 803 F.2d 830 (5th Cir.1986), and knowingly and intelligently made, *Brown.*

In *McQueen v. Blackburn*, 755 F.2d 1174, 1177 (5th Cir.), *cert. denied*, 474 U.S. 852, 106 S.Ct. 152, 88 L.Ed.2d 125 (1985), we summarized the factors that must be evaluated when considering the sufficiency of a waiver of the assistance of counsel:

> The court must consider the defendant's age and education, *Mixon v. United States*, 608 F.2d 588 (5th Cir.1979), and other background, experience, and conduct. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; *Middlebrooks v. United States*, 457 F.2d 657 (5th Cir.1972). The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, *Blasingame v. Estelle*, 604 F.2d 893 (5th Cir.1979), and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Raulerson v. Wainwright*, 732 F.2d 803 (11th Cir.1984).

Applying these standards to the case at bar, we are persuaded that Neal's waiver of his constitutional right to the assistance of counsel, and assertion of his desire to

represent himself, passes constitutional muster. The waiver was affirmative, clear, and unequivocal, as evidenced by Neal's written motion seeking permission to proceed *pro se*. Moreover, the waiver was knowingly and intelligently made by an experienced criminal lawyer, who for four years had been a district attorney. As the Texas Court of Criminal Appeals aptly noted, "competence in the law evidenced by licensure as an attorney and years of experience in criminal litigation, obviously carries with it an awareness of the dangers of self-representation." *Neal*, 689 S.W.2d at 426.[3]

Neal further contends that the judge's denial of a continuance until Alexander became available constituted an abuse of discretion and a denial of his right to the assistance of counsel. The analysis of this issue begins with the recognition that while there is no constitutional right to representation by a particular attorney, *Richardson v. Lucas*, 741 F.2d 753 (5th Cir.1984), due process requires that a defendant be afforded a fair or reasonable opportunity to secure representation of his or her own choosing. *United States v. Mitchell*, 777 F.2d 248 (5th Cir.1985), *cert. denied*, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986); *Gandy v. Alabama*, 569 F.2d 1318 (5th Cir.1978). However, failure to obtain counsel within a reasonable time may operate as a waiver of that right *Mitchell*, 777 F.2d at 258; *United States v. Terry*, 449 F.2d 727 (5th Cir.1971).

After a defendant has been given a fair or reasonable opportunity to obtain counsel of choice, the decision to grant or deny a continuance to permit a further opportunity to do so rests within the broad discretion of the trial court. *See Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *United States v. Fowler*, 605 F.2d 181 (5th Cir.1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1599, 63 L.Ed.2d 785 (1980). There is no fixed standard or mechanical test to determine whether an abuse of discretion has occurred. Each case must be reviewed in light of its particular setting. *Ungar*, 376 U.S. at 589, 84 S.Ct. at 849; *United States v. Barrentine*, 591 F.2d 1069 (5th Cir.), *cert. denied*, 444 U.S. 990, 100 S.Ct. 521, 62 L.Ed.2d 419 (1979). And, "[u]nless we conclude that the ruling of the [trial] court was an unreasonable resolution of the various factors confronting it, we must uphold the lower court's ruling, even though it may be considered a harsh one." *Barrentine*, 591 F.2d at 1075.

Neal was indicted on February 3, 1978 and advised by Judge Houston by letter dated March 3 that his trial would begin on April 3. He therefore was given a short but reasonable opportunity to secure counsel. Insofar as this record reflects, he made no attempt to retain Alexander, or any other attorney, until after the March 22 pretrial hearing. Alexander did not contact Judge Houston until March 27, and Neal's formal motion was not filed until the first day of the trial. Moreover, the record is silent as to whether Neal made any attempt to secure another attorney upon learning that Alexander had a trial conflict. Under these circumstances, although the decision might be viewed as stringent, we cannot conclude that the trial court's refusal to grant a continuance "was an unreasonable resolution of the various factors confronting it." *Id.*

Finally, Neal maintains that his constitutional right to the assistance of counsel was abrogated when the trial judge refused to allow an attorney, John Byers, to sit at the counsel table during a portion of the trial. Neal made no motion to retain Byers as trial counsel, but claims that he wanted Byers at the table "to take notes, to watch for errors and improper argument, and to make suggestions ... as to points [he] should bring out in [his] argument." Neal would have that to which he may not claim title. A "criminal defendant does not have the right ... to a 'hybrid

---

3. Neal argues that because the trial court failed to conduct a "waiver of counsel" hearing, any purported request to waive counsel could not have been knowingly and intelligently made. Neal misperceives the law of this circuit. There is no constitutional requirement for such a hearing or dialogue. *Wiggins v. Procunier*, 753 F.2d 1318 (5th Cir.1985).

representation,' partly by counsel and partly by himself." *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir.1978). And although we view it as "the preferred practice," the appointment of standby counsel for a defendant proceeding *pro se,* "is not mandatory." *McQueen,* 755 F.2d at 1178. The trial court did not err in refusing to allow Byers to remain at the defense table.

We find no merit in Neal's claim that his conviction must be overturned because he was denied the assistance of counsel.

## 2. Sufficiency of the Evidence

█ Neal contends that he was denied due process because no reasonable jury could have found that the state proved beyond a reasonable doubt every element of the offense. He maintains that misapplication of the *proceeds* of the warrant, *i.e.,* money, fails to prove the allegation of the indictment that he unlawfully took and misapplied a *warrant.* Neal's argument is without merit, for when we view the evidence in the light most favorable to the prosecution it is apparent that a rational trier-of-fact could have found the requisite proof of all of the essential elements constituting a violation of section 39.01(a)(5) of the Texas Penal Code. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To prove that Neal's use of the warrant was inconsistent with its intended purpose, the state offered photocopies of canceled checks drawn on the account in which the warrant was deposited. Some of the checks were for cash, others were for business or personal expenses that had no relation to the operation of the district attorney's office. There was adequate evidence upon which the jury could conclude that Neal had knowingly and intentionally used the warrant in an improper and illegal manner. We reject the semantical weave that would make the distribution of the proceeds of the warrant separate and discrete from the use of the warrant.

## 3. Indictment and Jury Venire

█ Finally, Neal maintains that his conviction should be vacated because the indictment was defective and because the state district clerk improperly excused members of the jury venire. Neither contention bears merit. It is well settled that "the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir.1985); *see also Lewis v. Procunier,* 746 F.2d 1073 (5th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 315 (1985). The indictment tracked the language of Texas Penal Code section 39.01(a)(5) and jurisdiction was proper. And the complaint about the excusing of potential jurors is relevant in a federal habeas review only if the error is of constitutional magnitude. *Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). No such error is presented.

The judgment of the district court is AFFIRMED.