**UNITED STATES of America, Plaintiff,**

v.

**Linda COFFEE and Philip I. Palmer, Jr., Defendants.**

**Crim. A. No. 3–89–078–G.**

United States District Court, N.D. Texas, Dallas Division.

May 12, 1989.

Supplemental Order June 6, 1989.

Jack C. Williamson, Asst. U.S. Atty., Dallas, Tex., for plaintiff.

Cheryl B. Wattley and Billy Ravkind, Dallas, Tex., for defendants.

MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the defendants' choice of counsel as it relates to the trial setting in this case. For the reasons stated below, defendants are directed (1) to retain other counsel, (2) to apply for court-appointed counsel (if they are financially eligible), or (3) to be prepared to represent themselves at trial.

On April 17, 1989, attorney William M. Ravkind ("Ravkind") entered an appearance on behalf of defendant Philip I. Palm-

---

er, Jr. and attorney Cheryl Wattley ("Wattley") entered an appearance on behalf of defendant Linda Coffee. At their arraignment on April 26, 1989, the court informed them that it might be necessary for them to retain other counsel for the reasons stated in this order.[1] Ravkind and Wattley are involved in a complex, lengthy criminal trial in Lubbock, Texas (*U.S. v. Faulkner, et al.*, CR 3–87–240–C), which is expected to last until late 1989. Coffee and Palmer are set for trial before this court on June 19, 1989.

█ A criminal defendant has a qualified right to choose his retained counsel. That right, however, is not absolute. *United States v. Thier*, 801 F.2d 1463, 1471 (5th Cir.1986), *modified on other grounds*, 809 F.2d 249 (5th Cir.1987); *Gandy v. State of Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978); *see also Neal v. State of Texas*, 870 F.2d 312, 314–15 (5th Cir.1989). The right "may not be subverted to obstruct the orderly procedure in the courts." Rather, it must be balanced against the public's need for "efficient and effective administration of criminal justice," in particular the need for calendar control. *Gandy*, above, 569 F.2d at 1323 & n. 9.[2] "After a defendant has been given a fair or reasonable opportunity to obtain counsel of choice, the decision to grant or deny a continuance to permit further opportunity to do so rests within the broad discretion of the trial court." *Neal*, at 315.

In *United States v. Barrentine*, 591 F.2d 1069 (5th Cir.), *cert. denied*, 444 U.S. 990, 100 S.Ct. 521, 62 L.Ed.2d 419 (1979), the Fifth Circuit held that a trial court acted correctly in ordering trial to go forward without a retained attorney who had a scheduling conflict. Two of eighteen defendants had retained the attorney, Edward T.M. Garland. They were arraigned, along with their several co-defendants, on October 7, 1977. On October 12, 1977, they were notified that trial would begin on October 31, 1977. At that time, they knew that Garland had already another trial on October 31. On October 18 and 20, 1977, the trial court twice denied motions to continue the trial based on Garland's scheduling conflict. The two defendants did nothing to remedy the situation. When, on October 31, 1977, Garland's unprepared law partner appeared on defendant's behalf, the trial court again denied a request for a continuance, and the case went to trial. *Id.* at 1073–74.

The Fifth Circuit upheld the trial court's order. It noted that the defendants had early notice of Garland's conflict and were present on October 18 when the trial court denied the motion for a continuance and on October 20, when it stated that "trial would to forward with or without Garland." *Id.* at 1075. As the Fifth Circuit explained, "Other qualified attorneys were then available to assume the Smiths' defense. The Smiths had no constitutional right to a new counsel of their choice who was unavailable." *Id.*

The Second, Seventh, and Eleventh Circuits have also held that a trial court can order the accused to secure other counsel where retained counsel's inability to serve would lead to delay or inconvenience. *United States v. Cicale*, 691 F.2d 95, 106 (2d Cir.1982), *cert. denied*, 460 U.S. 1082, 103 S.Ct. 1771, 76 L.Ed.2d 344 (1983); *United States ex rel. Kleba v. McGinnis*, 796 F.2d 947, 951–52 (7th Cir.1986); *United States v. Koblitz*, 803 F.2d 1523, 1527–29 (11th Cir.1986).

█ Absent Houdini-like qualities, attorneys Ravkind and Wattley cannot be in two places at once. The *Faulkner* trial is expected to last until at least late 1989, while this case is set for trial on June 19, 1989. The court will not continue the trial in this case, due to Ravkind's and Wattley's una-

---

1. The substance of this order was communicated to the defendants by the court, including the citations to relevant law.

2. The *Gandy* court ultimately found that due process had been denied where, even though defendant's retained counsel was absent the morning of trial, the court ordered the case to trial. Defendant was represented by his retained attorney's partner, who was unprepared. *Id.* at 1320. Here, by contrast, Palmer and Coffee are being given nearly a month and a half to retain other counsel.

vailability until the *Faulkner* trial is concluded.

The defendants were informed at arraignment on April 26, 1989 that they might need to secure substitute counsel due to Ravkind's and Wattley's involvement in the *Faulkner* trial. The defendants' qualified right to choose their counsel must yield to the orderly administration of justice. Accordingly, the defendants shall (1) promptly obtain the entry of appearance of other retained counsel, (2) promptly seek appointment of counsel by the court (if they qualify financially for appointed counsel), or (3) be prepared to represent themselves at trial.[3]

The clerk's office shall send copies of this order to the defendants themselves as well as to their counsel.

SO ORDERED.

### SUPPLEMENTAL ORDER

The order of May 12, 1989 is hereby AMENDED for the sake of clarity. That order does not preclude defendants' representation by attorneys Ravkind and Wattley if they are available for trial before this court on June 19, 1989.

SO ORDERED.

Michael T. Aaronson, El Paso, Tex., for plaintiff.

Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, Tex., for defendant.

---

**3.** The defendants should not attempt to obtain a continuance indirectly by failing to secure other counsel. In the event that they fail to follow one of the courses directed by the court, trial will still proceed as scheduled. *See Barrentine,* 591 F.2d at 1075 (holding that trial could proceed on schedule under such circumstances); *Neal,* at 315 (same).