IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40097
Summary Calendar
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

ARNOLD DWAYNE NELSON,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:94-CR-11)
_____
November 21, 1995
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Arnold Dwayne Nelson appeals his conviction for being a
felon in possession of a firearm in violation of 18 U.S.C. §
922(g)(1).  For the reasons set forth below, we affirm the
conviction.

---

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

## I. BACKGROUND

### A. Facts

On Christmas Eve, 1993, while on routine traffic patrol, Texas State Trooper Bruce Roberts stopped a yellow Oldsmobile Cutlass for speeding. The driver of the Cutlass, Arnold Nelson, told Roberts that he had left his driver's license at home. The car was occupied by an infant and two additional adults--Billy Ray Knox and a woman identified as Nelson's girlfriend. No one could produce a driver's license. Roberts conducted a vehicle registration search and radioed for criminal history checks. When the dispatcher reported that Nelson and Knox had criminal histories, Roberts called for a back-up unit and Troopers Scott Lee and Merle Whitley responded. Roberts testified at trial that during the ensuing interview, Nelson told him that he had purchased the car at a police pound in Dallas for $200.[2] Nelson denied that there were guns and drugs in the car. He offered to allow Roberts to search the car, but stated that he didn't have a key to the trunk.[3] During a search of the vehicle, Roberts found marijuana in the passenger compartment. Nelson and Knox were arrested for possession of marijuana, and advised of their rights

---

[2] The car was titled to another individual and Nelson testified at trial that he had borrowed the car from Eddie Ashley several hours prior to the traffic stop.

[3] Nelson testified at trial that, after borrowing the car from Ashley, he had placed his belongings in trunk. Nelson stated that he did not notice that there were guns in the trunk at that time.

at that time.  They were transported to the Hopkins County Jail and the Oldsmobile Cutlass was impounded.

After Nelson and Knox were taken into custody, Knox told Roberts that he thought that there were guns in the trunk of the car.  Roberts testified that, when questioned about this, Nelson told him that the trunk contained three loaded guns which he had purchased for $50 each on a street corner.  According to Roberts, Nelson stated that he was taking them to friends in Arkansas who needed them for protection.[4]  Since having his rights read to him at the time of his arrest approximately one hour earlier, Nelson had not been advised of his rights again before he gave this statement.  Roberts called for a locksmith but Nelson said that he would open the trunk himself.  Nelson accompanied Roberts and Lee to the garage area of the jail where Nelson retrieved the trunk key from an infant's shoe hanging from the rear-view mirror of the Oldsmobile Cutlass.  Nelson put the key in the trunk lock and Lee opened the trunk.  During a search of the trunk, Roberts and Lee found three loaded guns and a bullet-proof vest hidden under some clothing.[5]

---

[4]  Nelson denied knowledge of the guns at trial.

[5]  A Bureau of Alcohol, Tobacco, and Firearms special agent testified at trial that the three guns had been manufactured outside of the State of Texas.

## B. Procedural History

Because he had previously been convicted for felony burglary and theft offenses, Nelson was charged with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).[6] Nelson moved to suppress the evidence seized during the searches of the car and the statements he made at the jail after his arrest. After a hearing, the district court entered an order denying Nelson's motion. Nelson was tried and the jury returned a guilty verdict. The district court sentenced him to a term of imprisonment of 86 months, a three-year term of supervised release, and a special assessment of $50.00. Nelson brings this appeal.[7]

---

[6] Section 922(g)(1) of Title 18 of the United States Code provides, in pertinent part:

(g) It shall be unlawful for any person--
(1) who has been convicted in any court of a crime punishable by a term of imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce or foreign commerce.

18 U.S.C. § 922(g)(1).

[7] Although he is represented by counsel, Nelson has moved for leave to file a supplemental pro se brief. He argues that otherwise he will be denied "his constitutional right to equal access to the appellate process" because his attorney's brief does not address all of the issues that he wishes to raise. A defendant in a criminal trial has the right to assistance of counsel, and the right to represent himself. United States v. Daniels, 572 F.2d 535, 540 (5th Cir. 1978). "The criminal defendant does not have the right, however, to a 'hybrid representation,' partly by counsel and partly by himself." Id. Nelson does not have a constitutional right to file his own brief in addition to that filed by his counsel. See Smith v. Collins,

4

II. ANALYSIS

Nelson advances five grounds for reversal of his conviction. His first argument on appeal is that the trial judge should have suppressed the evidence obtained during the searches of the car. Nelson also argues that the statements he made at the jail after his arrest should have been suppressed. Nelson contends that the evidence was insufficient to support his conviction. He maintains that the prosecutor engaged in improper jury argument by attempting to shift the burden of proof from the government. Finally, Nelson argues that he received ineffective assistance of counsel because his attorney failed to make an opening statement.

A. Search of Nelson's Vehicle

Nelson contends that the district court erred in finding that he voluntarily consented to the initial search of the Oldsmobile Cutlass. He further argues that because the search of the passenger compartment was illegal, the search of the trunk after his arrest was also constitutionally infirm. Therefore, Nelson asserts, any evidence found during the searches of the car should have been suppressed. We review a district court's ruling on a motion to suppress evidence by employing a two-tier standard, "reviewing the district court's factual findings for clear error and its ultimate conclusion as to the

---

977 F.2d 951, 962 (5th Cir. 1992) (citing Daniels, 572 F.2d at 540; Neal v. Texas, 870 F.2d 312, 315-16 (5th Cir. 1989), cert. denied, 114 S. Ct. 97 (1993)). Therefore, Nelson's motion for leave to file a supplemental pro se brief is denied.

constitutionality of the law enforcement action de novo." United States v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993). All of the evidence introduced at the suppression hearing and at trial is viewed in the light most favorable to the prevailing party. United States v. Ponce, 8 F.3d 989, 995 (5th Cir. 1993). Applying this standard of review, we conclude that the trial judge did not clearly err in finding that Nelson consented to the original search of the car.

We assess the legality of a search conducted during a traffic stop by determining whether at its inception the officer's action was justified and whether the officer's action was reasonably related in scope to the circumstances which precipitated the interference in the first place. United States v. Kelley, 981 F.2d 1464, 1467 (5th Cir.), cert. denied, 113 S. Ct. 2427 (1993) (citing Terry v. Ohio, 392 U.S. 1, 19-20 (1968)).

Trooper Roberts testified that he stopped Nelson initially for speeding. Nelson does not deny that the stop was justified at its inception. He argues, however, that his consent was coerced. Nelson contends that the voluntariness of his consent was vitiated because he consented while being detained for not producing a driver's license. The government has the burden of proving by a preponderance of the evidence that consent to search was given freely and voluntarily. United States v. Hurtado, 905 F.2d 74, 76 (5th Cir. 1990) (en banc) (citing United States v. Matlock, 415 U.S. 164, 177 n.14, (1974)). The Supreme Court has

6

resolved that voluntariness of consent is a question of fact to be determined from a totality of the circumstances.  Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973).

To determine whether consent to a search was voluntary, we generally focus on the following six factors:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

United States v. Olivier-Becerril, 861 F.2d 424, 426 (5th Cir. 1988) (citations omitted).  All six factors are relevant, but none is dispositive or controlling.  Id.  The district court invoked these six factors and found no evidence that Nelson's consent was involuntarily given.  We review the district court's findings respecting voluntariness for clear error.  Olivier-Becerril, 861 F.2d at 425-26.  Moreover, "[w]here the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses."  United States v. Sutton, 850 F.2d 1083, 1086 (5th Cir. 1988).

After reviewing the record, we conclude that the district court's finding that Nelson consented to the original search was not clearly erroneous.  Although at the time of his consent Nelson was not free to leave, the circumstances of the traffic stop cannot be characterized as coercive.  Roberts had not placed

7

him under arrest and there is no evidence in the record to suggest that the officers used coercive methods to obtain Nelson's consent to search his car.  Although Nelson was not advised that he had a right to withhold his consent, neither was he pressured to give his consent.  Nelson invited Roberts to search the car before Roberts had a chance to ask him for his consent.  Furthermore, not only is "[p]roof of knowledge of the right to refuse consent . . . not required to show voluntariness," United States v. Davis, 749 F.2d 292, 296 (5th Cir. 1985), but Nelson had an extensive criminal history and presumably he knew that he had the right to refuse consent.[8]  Because Nelson had denied that he had a trunk key, Roberts reasonably interpreted Nelson's consent to be limited to the passenger compartment of the car.  There is nothing in the record to indicate that Nelson is unsophisticated or intellectually impaired and Nelson expressed the belief that a search would uncover no incriminating evidence.

The district court also found that the search of Nelson's trunk fell within the automobile exception.  Where the police have probable cause to believe that a vehicle contains seizable evidence, the automobile exception allows police to conduct a search without a search warrant.  California v. Carney, 471 U.S.

---

[8]  Nelson also suggests that consent is invalid unless it is in writing.  We have consistently recognized the validity of oral consent in this area.  See United States v. McSween, 53 F.3d 684, 687-88 (5th Cir. 1995); United States v. Lopez, 911 F.2d 1006, 1010-1011 (5th Cir. 1990).

386 (1985); United States v. Ross, 456 U.S. 798 (1982). If probable cause exists to justify the search of a vehicle, then every part of the vehicle and its contents that may conceal the seizable evidence may be searched. Ross, 456 U.S. at 825. Once marijuana was found, Roberts had probable cause to search the entire vehicle. United States v. McSween, 53 F.3d 684, 686-87 (5th Cir.), cert. denied, 116 S. Ct. 199 (1995). Additionally, whenever a warrantless at-the-scene search is permissible, the police may choose instead to seize the car and search it at the police station. United States v. Kye Soo Lee, 962 F.2d 430, 438 (5th Cir. 1992) (citing inter alia Texas v. White, 423 U.S. 67, 68 (1975)), cert. denied, 113 S. Ct. 1057 (1993). The district court found that, once the state troopers had discovered marijuana in the passenger compartment, they had probable cause to search the rest of the car. These findings are supported by the record. The district court's denial of Nelson's request to suppress the firearms found during the search was not clearly erroneous.

## B. Nelson's Custodial Statements

Nelson contends that, because he never waived his Miranda[9] rights, the district court should have suppressed the incriminating statements he made at the jail after his arrest.

---

[9] The Fifth Amendment privilege against self-incrimination requires that a suspect subject to custodial interrogation be warned of his rights not to incriminate himself. Miranda v. Arizona, 384 U.S. 436 (1966).

We have stated that "[i]t is axiomatic that an accused must be informed of his Miranda rights in a way that ensures his knowing, intelligent and voluntary exercise or waiver thereof." United States v. Collins, 40 F.3d 95, 98 (5th Cir. 1994), cert. denied, 115 S. Ct. 1986 (1995). Nelson argues that his jailhouse statements, and--according to the "fruit of the poisonous tree" doctrine--all evidence derived from them, should be suppressed because he had not been re-advised of his rights before being questioned at the jail, and because it was coercive for Roberts to send for a locksmith. As set out in the previous section, we review the ruling of a district court on a motion to suppress by applying a two-tier standard. United States v. Jenkins, 46 F.3d 447, 451 (5th Cir. 1995). The district court's factual findings are reviewed for clear error and its ultimate conclusion about the law enforcement action is reviewed de novo. Chavez-Villarreal, 3 F.3d at 126. The evidence is viewed in the light most favorable to the prevailing party. Jenkins, 46 F.2d at 451. We conclude that the district court did not clearly err in denying the motion to suppress the incriminating statements Nelson made while in custody.

Whether Nelson waived his Miranda rights is a factual question for the district court. Collins, 40 F.3d at 98-99. In responding to a motion to suppress a confession, the Government bears the burden of showing that the defendant was informed of his Miranda rights and that "his waiver thereof and the resultant confession were the `product of a free and deliberate choice.'"

10

Id. (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)).  A waiver may be direct or it may be inferred from the actions and words of the person interrogated.  Id. at 99.  However, merely answering questions is not enough to show waiver.  Waiver of Miranda rights must be demonstrated by some affirmative action. Id.

The district court found that, based upon his statements and actions, Nelson had voluntarily waived his Miranda rights. Roberts testified that when Nelson was arrested, he was advised of his right to remain silent.  Notwithstanding the passage of one hour between the reading of the Miranda rights and his interrogation at the jail, there was no basis for concluding that Nelson did not understand that he had the right to remain silent.[10]  Nelson argues that the district court erred in failing to determine whether Roberts "scrupulously honored" Nelson's right to remain silent, as mandated in Charles v. Smith, 894 F.2d 718, 725-26 (5th Cir.), cert. denied, 498 U.S. 957 (1990). Nelson's reliance on Charles is misplaced.  In  Charles, a police officer persisted in questioning a suspect just minutes after the suspect asserted his right to remain silent for a second time. Charles teaches that a court must examine whether a suspect's

_____

[10]   The district court found that the delay of about one hour between the reading of his Miranda rights and the custodial interrogation resulting in the incriminating statements was not sufficient to render Nelson's waiver unintelligent.  In making this determination, the trial judge relied on the fact that the one hour delay was the result of the travel time between the scene of the traffic stop and Nelson's arrival and booking at the jail.

right to cut off questioning was scrupulously honored "[w]hen a suspect . . . halts police interrogation by asserting the right to remain silent."  Id.  The district court determined that at no time did Nelson invoke his right to remain silent. Nelson voluntarily chose to speak with Roberts after he had been advised of his right not to do so.  The district court found that Nelson's offer to open the trunk for Roberts was not coerced by the presence of a locksmith.  He voluntarily retrieved the key from its hiding place in the Oldsmobile Cutlass and he placed it in the trunk lock.  Based on Nelson's statements and conduct, the determination of the district court that Nelson waived his Miranda rights is not clearly erroneous.  Because we find no clear error in the district court's determination that Nelson validly waived his rights, we need not address Nelson's argument that evidence derived from his incriminating statements must be suppressed as "fruit of the poisonous tree."

### C. Sufficiency of the Evidence

Nelson argues that the evidence was insufficient to support his conviction.  We disagree.  The standard of review in assessing a challenge to the sufficiency of the evidence in a criminal case is "whether a rational juror could have found each element of the crime proven beyond a reasonable doubt."[11]

---

[11]  We apply this standard of review because Nelson timely moved for judgment of acquittal. United States v. Landry, 903 F.2d 334, 338 (5th Cir. 1990).  When a defendant fails to preserve a sufficiency claim a stricter standard is applied.  See

12

Collins, 40 F.3d at 99; see also Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In evaluating the sufficiency of the evidence, this court views all evidence and all reasonable inferences drawn from it in the light most favorable to the government. United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc), aff'd on other grounds, 462 U.S. 356 (1983).

Conviction for a violation of § 922(g)(1) requires proof beyond a reasonable doubt that the defendant is a convicted felon, who knowingly possessed a firearm, and that his possession was in or affecting interstate commerce.  United States v. Dancy, 861 F.2d 77, 81 (5th Cir. 1988).  Nelson contends that the government failed to prove that he was in knowing possession of a firearm.  He suggests that the guns could have been placed in the trunk by Knox.  Nelson argues that the Government offered no direct evidence that he possessed the guns.  Possession of a firearm, however, may be actual or constructive.  United States v. Wright, 24 F.3d 732, 734 (5th Cir. 1994).  We have defined constructive possession as "ownership, dominion, or control over the contraband itself or dominion or control over the vehicle or premises in which the contraband is concealed."  Id.; see United States v Orozco, 715 F.2d 158, 161 (5th Cir. 1983) (finding constructive possession of a firearm where defendant-passenger did not own vehicle, but had kept it at his home).  We have

United States v. Galvan, 949 F.2d 777, 782-83 (5th Cir. 1991) (applying "manifest miscarriage of justice" standard where defendant failed to move for a directed verdict or a judgment of acquittal).

13

pointed out that, "[i]n the nature of things, proof that possession of contraband is knowing will usually depend on inference and circumstantial evidence."  United States v. Richardson, 848 F.2d 509, 514 (5th Cir. 1988) (affirming conviction for cocaine possession where the proof was not conclusive but constituted substantial evidence when "taken as a whole").  Furthermore, "knowledge of the presence of the contraband may ordinarily be inferred from the exercise of control over the vehicle in which it is concealed."  Id. at 513.

Nelson was the driver of the Oldsmobile Cutlass.  Roberts testified that Nelson told him he was the owner of the vehicle.  A reasonable juror could conclude that Nelson was in constructive possession of the firearms found in the trunk.  Moreover, Roberts testified that Nelson admitted owning the guns and helped Roberts open the trunk.  There was ample evidence from which a reasonable juror could conclude that Nelson had knowingly possessed the guns.  See United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992) (finding no plain error in illegal firearms conviction where defendant was driver of vehicle and admitted owning guns); United States v. Speer, 30 F.3d 605, 612 (5th Cir. 1994) (concluding that driver constructively possessed firearm in physical possession of front-seat passenger because driver admitted that gun was in vehicle so that he would not be "ripped-off"), cert. denied, 115 S. Ct. 603 (1994), and cert. denied, 115 S. Ct. 768 (1995).

14

## D. Prosecutor's Jury Argument

Nelson complains that prosecutorial misconduct during closing arguments deprived him of a fair trial. He argues that the prosecutor attempted to improperly shift the burden of proof from the government to the defendant by calling for the jury to make an inference from Nelson's failure to call Billy Ray Knox to testify. Only when it is both inappropriate and harmful, however, does a prosecutor's comment to the jury constitute reversible error. United States v. Lowenberg, 853 F.2d 295, 301 (5th Cir. 1988), cert. denied, 489 U.S. 1032 (1989); see United States v. Young, 470 U.S. 1, 16 (1985). When a contemporaneous objection is made, the standard of review on appeal is whether the defendant's substantial rights have been prejudiced. United States v. Fierro, 38 F.3d 761, 771 (5th Cir. 1994), cert. denied, 115 S. Ct. 1388 (1995), and cert. denied, 115 S. Ct. 1431 (1995). A criminal conviction will not be lightly overturned based on a prosecutor's comments standing alone. Lowenberg, 853 F.2d at 302. "[T]he remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error." Young, 470 U.S. at 12. We find that the prosecutor's remarks did not deprive Nelson of a fair trial.

During his closing argument, Nelson's counsel made the following comments:

> What else didn't they bring you? You know, we talked about this Billy Knox. Where is he? The government has the burden of proof. Why didn't they bring him in here? Evidently, the government wants to rely on the fact that Mr. Knox had some conversation previously with Mr. Nelson, where

15

Mr. Nelson won't even take the rap. Do y'all remember those questions? If that's the case, wouldn't that have been another admission by Mr. Nelson? But he's not here. Wouldn't that help you make your decision? . . . They've not brought you Billy Knox; so, we don't know if Billy Knox could have opened that trunk or not.

During rebuttal, the prosecutor made the following comments:

[Defense counsel] pointed out to you that Mr. Knox is not here, and he left the impression, ladies and gentlemen, that -- that that was some kind of -- of mistake on our part, not to have him here. Well, I would simply point out to you that the defendant in this case, as in any case, has the same subpoena power that the prosecution has, and that if Mr. Knox were gonna help their side, I'm sure they would have subpoenaed him and had him here were he available.

At this point, Nelson objected that the argument improperly suggested that the defense bore the burden of proof. The district court overruled the objection, stating:

In a civil case, I testify that if the witnesses are equally available to either side, then neither side can make anything of the fact that the witness hasn't been called. I'm inclined to agree that that same instruction is proper in a criminal case.

We have noted that "[c]ounsel is accorded wide latitude during closing argument, and this court gives deference to a district court's determination regarding whether those arguments are prejudicial and/or inflammatory." United States v. Palmer, 37 F.3d 1080, 1085 (5th Cir. 1994), cert. denied, 115 S. Ct. 1804 (1995). Three factors are considered to determine whether serious doubt is cast upon the correctness of the jury's verdict: "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." Id.

16

With regard to factor (1), we find that the prejudicial effect of the prosecutor's remarks was negligible.  The comments of Nelson's counsel invited a response; the prosecutor was entitled to respond to the statements regarding Knox's absence. We have explained that "[a] defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where, as here, it is not clear that the defendant was prejudiced thereby."  United States v. Lewis, 524 F.2d 991, 992 (5th Cir. 1975) (finding no error where challenged testimony was designed to correct insinuation of defense counsel during cross-examination), cert. denied, 425 U.S. 938 (1976).

With regard to factor (2), we find that the district court properly instructed the jury as to the burden of proof.  The judge gave the following instructions to the jury:

> The burden is always upon the government -- upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or  duty of calling any witnesses or producing any -- evidence.

Where both parties have commented in closing argument on the failure of the other side to call a particular witness, and the defendant argues on appeal that the prosecutor's comments improperly shifted the burden of proof, we have found "neither error nor any indication of bias."  United States v. Jordan, 49 F.3d 152, 159 (5th Cir. 1995) (citing United States v. Ivey, 550 F.2d 243, 244 (5th Cir.), cert. denied, 431 U.S. 943 (1977)).  In Jordan, we found that the prosecution's remarks were not prejudicial because the prosecution's argument was responsive to

17

the defendant's argument and because the district court properly instructed the jury on the Government's burden of proof.  Id. Similarly, in the instant case, we find that Nelson's counsel invited a response by the prosecutor and that the trial judge properly instructed the jury.

Additionally, we find that factor (3)--the strength of the evidence supporting the conviction--weighs against Nelson. Notwithstanding the absence of direct evidence that Nelson possessed the firearms, there is a substantial amount of credible evidence pointing to his guilt.  We conclude that prosecutorial misconduct during closing arguments did not deprive Nelson of a fair trial.

### E. Ineffective Assistance of Counsel

Nelson argues that he received ineffective assistance of counsel because his attorney failed to make an opening statement. To prevail on this claim, Nelson "must show that:  (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different."  United States v. Kinsey, 917 F.2d 181, 183 (5th Cir. 1990) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).  Nelson has not demonstrated ineffective assistance because he has not shown that he was prejudiced by the attorney's failure to make an opening statement.  Attorney error is prejudicial if it renders the

result of the proceeding unreliable or the proceeding fundamentally unfair. Although Nelson argues generally that a reasonable attorney must take advantage of the opportunity to influence the jury provided by the opening statement, he does not suggest what the attorney should have said or why he was prejudiced by the attorney's failure to avail himself of that opportunity.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court without prejudice to Nelson's right to raise his ineffective-assistance-of-counsel argument in a proper proceeding under 28 U.S.C. § 2255.

AFFIRMED.