Affirmed and Opinion filed September 12, 2002









Affirmed
and Opinion filed September 12, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00793-CR

NO. 14-01-00794-CR

____________

 

ENRIQUE S. ALARCON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause Nos. 854,662 and 854,661

 



 

O P I N I O N








Appellant entered pleas of not guilty to the offenses of
aggravated kidnapping and aggravated assault. 
He was convicted, and the jury sentenced him to confinement for
forty-five years in the kidnapping case and forty-eight years in the assault
case.  In two points of error, appellant
contends (1) he was denied counsel during the guilt-innocence and punishment
phases of trial in violation of the Sixth Amendment to the United States
Constitution and article 1.051(h) of the Texas Code of Criminal Procedure and (2)
he was denied due process of law and due course of law under the United States
and Texas Constitutions.  We affirm.

After the State concluded its voir dire examination,
appellant expressed his desire to discharge his attorneys.  Appellant first told the trial judge he
wanted the court interpreter to represent him. 
After being told the interpreter could not represent him, appellant
stated he wanted to represent himself because he was not satisfied with his
attorneys’ representation.  The court
then asked appellant how far he went in school and whether he obtained a
degree.  Appellant responded that he went
to a university in Mexico, but did not obtain a degree.  In response to the court=s question on whether appellant had
studied law, appellant stated he had read law books while incarcerated in the
Harris County jail.  Appellant stated he
had taken courses on the law in Mexico. 
The trial court explained that the law in Texas was different from that
in Mexico.  The trial court explained
that if appellant chose to represent himself he would be subject to the same
rules of evidence and rules of procedure as any other lawyer in the courtroom.  The court also told appellant the range of
punishment for his offense was fifteen to ninety-nine years or life in
prison.  The trial court explained that
appellant was not entitled to hybrid representation.  The court further explained that because
appellant was operating through an interpreter, the jury would not hear his
voice, but that of the interpreter. After all these admonishments, appellant
insisted that he wanted to represent himself. 
The trial judge found appellant understood the consequences of
representing himself and knowingly, intelligently and voluntarily waived his
right to counsel.








In his first point of error, appellant contends he was denied
counsel because his waiver of counsel and assertion of his right to
self-representation were not knowingly and intelligently made.  The Sixth Amendment to the United States
Constitution and article 1.051 of the Texas Code of Criminal Procedure
guarantee the right to an accused to conduct his own defense.  See Faretta v. California, 422 U.S.
806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). 
Such a decision, to be constitutionally effective, must be made (1)
competently, (2) knowingly and intelligently, and (3) voluntarily.  Moore v. State, 999 S.W.2d 385, 396 (Tex.
Crim. App. 1999).  Although a defendant
need not have the skill and experience of a lawyer to competently and
intelligently choose self-representation, he should be made aware of the
dangers and disadvantages of self-representation so the record will establish
that “he knows what he is doing and his choice is made with eyes open.”  Faretta, 422 U.S. at 835, 95 S. Ct. at
2543 (quoting Adams v. United States ex rel. McCann, 317 U.S.
269, 279, 63 S. Ct. 236, 241, 87 L. Ed. 268 (1942)).  The proper inquiry of the trial court
regarding the accused’s waiver of counsel should center on his background, age,
experience, and education.   Johnson
v. State, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988).  The accused should be aware there are
technical rules of evidence and procedure, and he will not be granted any
special consideration solely because he asserted his pro se rights.  Id. 
While the choice must be knowingly and intelligently made, it need not
be wise.  Scarbrough v. State, 777
S.W.2d 83, 92 (Tex. Crim. App. 1989). 
Indeed, the accused must be permitted to conduct his own defense
ultimately to his own detriment if that is his informed decision.  Faretta, 422 U.S. at 834, 95 S. Ct. at
2541.  Whether the accused is competent
to represent himself is immaterial; the appropriate question is whether he is
competent to choose the endeavor.  Scarbrough,
777 S.W.2d at 92.

Here, appellant does not contend he was incompetent to make
the decision to represent himself, nor was he coerced into doing so.  He contends his decision was not made
knowingly and intelligently.  To the
contrary, the trial judge inquired into appellant’s educational background and
his knowledge of the law.  Further, the
court explained to appellant that he would be subject to the rules of evidence
and procedure.  The trial judge took the
extra step to caution appellant that his voice would not be heard because he
was speaking through an interpreter.  On
this record, we find appellant’s decision to proceed pro se was knowing and
intelligent.  Appellant=s first point of error is overruled.








In his second point of error, appellant contends he was
denied due process and due course of law because his performance at trial was a
“complete disaster.”  Appellant contends
he did not receive a fair trial because he failed to (1) make an opening
statement, (2) effectively cross-examine witnesses, (3) introduce medical
records, and (4) secure the presence of two witnesses.  Although appellant frames this point in terms
of due process and due course of law, he is truly complaining of his own
ineffective assistance at trial. 
Appellant, however, having represented himself at trial, cannot now
complain that the quality of his own defense denied him due process and due
course of law.  Martin v. State,
630 S.W.2d 952, 956 n.10 (Tex. Crim. App. 1982).  In Faretta, the Supreme Court, in
recognizing the Sixth Amendment right to waive counsel, stated:

The right of self-representation is not a license to
abuse the dignity of the courtroom. 
Neither is it a license not to comply with relevant rules of procedural
and substantive law.  Thus, whatever else
may or may not be open to him on appeal, a defendant who elects to represent
himself cannot thereafter complain that the quality of his own defense amounted
to a denial of Aeffective assistance of counsel.@

422 U.S. at 834, 95 S. Ct. at 2541 n. 46.

Appellant further contends the trial court erred in not
permitting an attorney to assist him.  A
criminal defendant does not have the right to hybrid representation, partly by
counsel and partly by himself.  Neal
v. Texas, 870 F.2d 312, 315-16 (5th Cir. 1989); Scarbrough, 777 S.W.2d
at 92.  Although a trial court may
appoint Astandby counsel@ for a defendant proceeding pro se,
it is not mandatory.  Neal, 870
F.2d at 316.  Therefore, the trial court
did not err in refusing hybrid representation. 
Appellant=s second point of error is overruled.

The judgment of the trial court is affirmed.

 

 

/s/        Wanda McKee
Fowler

Justice








Judgment rendered and Opinion filed September 12, 2002.

Panel consists of Justices Hudson, Fowler, and Edelman.

Do Not Publish C Tex. R. App. P.
47.3(b).