United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-51221
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BONNIE MARIE HOUSE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-400-ALL
--------------------

Before BENAVIDES, DENNIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Bonnie Marie House ("House") appeals the conviction based on her guilty plea to bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). She contends, for the first time on appeal, that her bank robbery conviction must be vacated because there was not an adequate factual basis to establish that she robbed the bank by intimidation, an essential element of her alleged offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because House raised this issue for the first time on appeal, she must show a plain error that affects her substantial rights and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Baymon, 312 F.3d 725, 728 (5th Cir. 2002). In her brief, House asserts that the proper standard of review is clear error because she attempted to raise this issue before the district court in a pro se motion. This argument is unavailing. House was represented by counsel in the district court. Therefore, she could not file a pro se motion, and the district court properly struck her pro se motion without addressing the factual basis claim. See Neal v. Texas, 870 F.2d 312, 315-16 (5th Cir. 1989). Further, for the reasons set forth below, the district court did not commit error, clear or plain.

To support the factual basis of House's plea, "[t]he record must reveal specific factual allegations supporting each element of the offense." United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992). When reviewing the factual basis of House's plea, this court examines the entire record. United States v. Vonn, 535 U.S. 55, 59 (2002).

An essential element of House's plea was the use of intimidation, which in this context "means to make fearful or to put into fear." United States v. McCarty, 36 F.3d 1349, 1357 (5th Cir. 1994). The record need not contain evidence of an express verbal threat or a threatening display of a weapon. Id.

Intimidation is established if an ordinary person in the teller's position would have felt a threat of bodily harm from House's conduct.  <u>Id.</u>

House obtained money from the teller after presenting a demand note to her.  Further, House's presentence investigation report ("PSR") indicated that she asked the teller to give her all of the teller's money and not to include the strap as required.  Finally, the PSR revealed that the teller was very scared during the robbery and remains very cautious when customers approach her.

Because House's demand note and oral demands caused the teller to fear for her safety, there was a sufficient factual basis for the intimidation element of House's guilty plea to bank robbery.  The district court did not commit plain error or clear error.  Accordingly, the judgment on the district court is AFFIRMED.