UNITED STATES of America,
Plaintiff–Appellee,

v.

Randy M. DEPOISTER, Defendant–Appellant.

No. 95–2995.

United States Court of Appeals,
Seventh Circuit.

Argued April 23, 1997.

Decided June 20, 1997.

---

Barry Rand Elden, Chief of Appeals, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, Keith C. Syfert (argued), Office of the United States Attorney, Rockford, IL, for Plaintiff–Appellee.

Christopher T. Van Wagner (argued), Madison, WI, for Defendant–Appellant.

Before BAUER, RIPPLE and MANION, Circuit Judges.

RIPPLE, Circuit Judge.

In this direct criminal appeal, Randy Depoister seeks reversal of his conviction on 17 counts of fraud.[1] Mr. Depoister was sentenced to 48 months in prison. Restitution and a special assessment were also imposed. He now appeals his conviction. For the reasons set forth in this opinion, we affirm the judgment of the district court.

## I

### BACKGROUND

On October 25, 1994, Mr. Depoister was indicted on 19 counts of fraud. According to the government, Mr. Depoister, who was an investment broker, proposed an investment to potential investors that he promised was safe and would yield returns ranging from 25% to 100% in fewer than six months. He was able to solicit $441,000. He told some of the investors that they were providing money for a bridge loan to a mining operation, Jarco, until another loan came through. Of this $441,000, a little over $108,000 found its way back to Mr. Depoister or his customcoach company, Precious Metals. None of the investors ever received back the principal or earned any return on their investment.

At Mr. Depoister's arraignment on these charges, the district court appointed counsel for Mr. Depoister; this attorney was a solo practitioner. During the pretrial proceedings, Mr. Depoister sought and was given several continuances for pretrial motions. Several months before trial, his counsel asked the court to appoint co-counsel because

---

1. The indictment charged Mr. Depoister with 19 criminal counts. He was charged with three counts of violating 18 U.S.C. § 2314 ("Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting"); two counts of violating 18 U.S.C. § 1341 ("Frauds and swindles"); eleven counts of violating 18 U.S.C. § 1343 ("Fraud by wire, radio, or television"); one count of violating 18 U.S.C. § 1956(a)(1)(B)(i) ("Laundering of monetary instruments"); and two counts of violating 18 U.S.C. § 1001 ("Statements or entries generally"). The jury returned a guilty verdict on all 19 counts alleged in the indictment, but the district court dismissed two of the counts on the ground that a recent decision of the Supreme Court of the United States required, contrary to the case law of this circuit, that the issue of materiality be submitted to the jury in the prosecution under 18 U.S.C. § 1001. *See United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).

he was having difficulty handling the case, especially in understanding the transactions involved. The district court denied that motion, but indicated that it would entertain another such motion as the trial approached if counsel continued to have difficulty. Mr. Depoister's counsel did not renew the motion.

During the week before trial, the government provided Mr. Depoister with a significant number of new documents related to the case. Both parties agree that the government had just received them. Many of these documents were business records from Mr. Depoister's business that were being kept at his former secretary's home. Three days before trial, Mr. Depoister's counsel asked for a continuance on the ground that he needed more time to examine these documents. The district court denied the request, and the trial proceeded as planned.

At trial, Mr. Depoister's counsel called Mr. Depoister's business partner, Robert Hancher, as a witness. The partner testified that the $108,000 came from Jarco as payment for the building of a bus. He presented a document to support that contention. He had presented the same document to the grand jury, but, at that time, the document had named a different corporation as the purchaser of the bus. The original document was in the materials Mr. Depoister received the week before trial. Using the original document, the government vigorously impeached Hancher. Following the trial, during which the investor-victims testified as to Mr. Depoister's actions, defense counsel asserted that he had not known of the existence of the earlier version of the document and that, as a result, Mr. Depoister did not receive a fair trial. The district court rejected the latter contention.

## II

## DISCUSSION

### A.

We first address Mr. Depoister's submission that the district court committed reversible error when it denied Mr. Depoister's motion for a continuance three days before trial. The court reasoned that there had been a lengthy time (six months) for the defendant to prepare for trial, that rescheduling would delay the trial significantly, and that Mr. Depoister had not demonstrated that he would be prejudiced by proceeding to trial.

■ The governing standard on this issue is well settled. The district court has broad discretion to grant or deny trial continuances; we shall reverse the decision of the trial court only for an abuse of discretion. As we have said in the past, the district court "abuses" its discretion only when we can say that the trial judge chose an option that was not within the range of permissible options from which we would expect the trial judge to choose under the given circumstances. *See Thornton v. Barnes,* 890 F.2d 1380, 1385 (7th Cir.1989) (stating that abuse of discretion review is limited to determining "whether the [trial] judge exceeded the bounds of permissible choice in the circumstances"); *A.J. Canfield Co. v. Vess Beverages, Inc.,* 796 F.2d 903, 906 (7th Cir.1986) (same).

■ "[M]yopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). Consequently, in evaluating counsel's request for a delay, a district court ought to weigh a number of factors. In *United States v. Windsor,* 981 F.2d 943 (7th Cir.1992), through the pen of an experienced trial judge sitting by designation, this court identified some of those factors: the time required and already permitted for trial preparation; the diligence of the moving party; the conduct of the other party; the effect of delay; the reasons given by the movant for the continuance; the likelihood that the continuance will satisfy the movant's needs; the inconvenience to the court, the opposing party, and the witnesses; and the extent of the harm which denial of the continuance will cause the opposing party. *Id.* at 947–48. These factors will be deserving of varying weight in each situation confronted by the trial judge.

■ The district court considered the motion for continuance at a hearing at which defense counsel was given a full opportunity to explain his reason for requesting the further delay. He explained that his status as a sole practitioner made it impossible for him to review all the recently discovered documents prior to trial. After hearing counsel's full explanation, the court first noted that the trial date was very proximate and that another available date for the use of the courtroom was problematic. The court also noted that witnesses had been subpoenaed and that the court had other matters that required its attention in the near future. The court then noted that there had been no showing of any specific need or possible specific prejudice to Mr. Depoister if the trial was held as planned. The court further pointed out that it could revisit the matter if the course of trial indicated that its decision in not granting the continuance had been erroneous.[2]

We do not believe that Mr. Depoister has met his burden of establishing that the district court's decision can be characterized as an abuse of discretion. The record affirmatively shows that the district court had monitored the time necessary for trial preparation throughout the pretrial period. On three separate occasions, it had granted Mr. Depoister continuances. Indeed, the date for the trial had been chosen by the defendant. The documents received by Mr. Depoister close to the trial date were, moreover, his own business documents that were in the possession of his former secretary. The district court was not obliged to permit a further delay of the trial proceedings to permit Mr. Depoister's counsel additional time to evaluate such material. In making scheduling decisions, the court certainly could act on the assumption that Mr. Depoister would inform his attorney of relevant material in a timely manner. That Mr. Depoister did not inform his attorney of these documents is unfortunate; however, such a lapse on defendant's part did not create an obligation on the court to delay the defendant's trial. The court's denial of additional time does not amount to an abuse of discretion.

**2.** Mr. Depoister raised this issue again in a post-trial motion for a new trial; the district court

denied the motion.

**B.**

■ Mr. Depoister also submits that, if the district court did not abuse its discretion in denying the request for a continuance, then defense counsel's failure to review Hancher's grand jury testimony and exhibits constitutes ineffective assistance of counsel. Appellate counsel emphasizes that the trial attorney had the critical document for one week before trial and did not discover that it conflicted with the expected testimony of his witness. It was inconceivable, he argues, that a competent attorney would have called Hancher and introduced the exhibit purporting to show that Jarco paid the company money to build a bus.

The allegation that trial counsel was ineffective must be measured by the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668, 690–92, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674 (1984). Under this analytical approach, the defendant must demonstrate both that his trial attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient representation. Because the defendant must establish both of these prongs, we can initially address, in reviewing such an ineffectiveness claim, either prong of this test. See *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1014 (7th Cir. 1987). In this case, we shall address the "prejudice" prong first.

Mr. Depoister claims that he suffered actual harm: Had Mr. Depoister's counsel known the content of the grand jury testimony and documents, he would never have put Hancher on the stand. This error, Mr. Depoister contends, caused significant harm to Mr. Depoister and deprived him of a fair trial. Therefore, he concludes that he should be given a new trial.

We cannot accept this argument. In our view, Mr. Depoister has failed to allege or show any actual prejudice. He does not allege, in any satisfactory manner, that but for counsel's action the result of the trial

would have been different. The evidence of guilt in this case was overwhelming. All seventeen of his victims consistently and convincingly testified to Mr. Depoister's scheme to defraud. Indeed, many of the acts were not in dispute. The evidence established convincingly his intent to defraud the victims.

### C.

Mr. Depoister also makes a more broadly based allegation that trial counsel was deficient in his presentation of the defense case. In his brief, he claims that trial counsel demonstrated no coherent or competent strategy. In support of his claim, he asserts that trial counsel called two key defense witnesses knowing, at least constructively, that they had provided sworn testimony at the grand jury proceeding directly contrary to the testimony they would provide at trial. No competent counsel would have called these two witnesses to corroborate Mr. Depoister's testimony. Also, he urges, trial counsel's opening and closing statements neglected to mention any reason why these two witnesses should be believed now. Finally, he argues that the brevity of counsel's summation fell below the standard of professional competence.

At oral argument, appellate counsel sought leave of court to withdraw this contention on the ground that further investigation had made it clear that this contention required the development of a record beyond that made at trial. We grant counsel's request for leave to withdraw this third contention without expressing a view on its merits.

### Conclusion

The judgment of the district court is affirmed.

AFFIRMED.