Islam SHAIKHS, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 98–3851.

United States Court of Appeals,
Seventh Circuit.

Argued May 10, 1999.

Decided June 21, 1999.

Y. Judd Azulay (argued), Azulay & Azulay, Chicago, IL, for Petitioner.

Janet Reno, United States Attorney, Office of the U.S. Atty. Gen., Washington, DC, Samuel Der-Yeghiayan, I.N.S., Chicago, IL, Kristal A. Marlow, Earle Wilson (argued), Dept. of Justice, Civil Div., Immigration Litigation, Washington, DC, for Respondant.

Before BAUER, KANNE, and EVANS, Circuit Judges.

BAUER, Circuit Judge.

Islam Shaikhs is a native and citizen of Pakistan. Shaikhs first entered the United States in 1980 on a business or visitor's visa. His visa expired sometime before he married Pamela Rogers ("Rogers"), a United States citizen. In December 1983, after dating "a couple of times," he married Rogers. In April 1984, Rogers filed an immediate relative visa petition based on their marriage.

In December 1984, Shaikhs returned to Pakistan to visit his family. Seven months later, in July 1985, Shaikhs returned to the United States and was granted entry as a lawful, permanent resident based on his marriage to Rogers. Prior to Shaikhs' return to the United States, however, Rogers had filed for divorce in Illinois. She received a judgment for dissolution of marriage on June 21, 1985. Shaikhs claims that he did not receive notice of the dissolution of marriage until 1989.

Upon returning to the United States, Shaikhs went to the house where he and Rogers had resided prior to his trip to Pakistan, but found that Rogers no longer lived there. He went to Rogers' parents' home, but no one was home at that time. Shaikhs took no further action to locate Rogers.

In 1988, Shaikhs filed a naturalization application. The application indicated that he and Rogers were still married and living together, although he later testified that they had not lived together since he left for Pakistan in 1984. The Immigration and Naturalization Service (the "INS") denied Shaikhs' naturalization application, citing the June 21, 1985 dissolution of marriage.

Shaikhs did not attempt to have the dissolution of marriage decree set aside until 1995, which was after the INS had begun deportation proceedings against him. At the deportation hearing, Shaikhs acknowledged that the Illinois Appellate Court had denied his motion to vacate the 1985 dissolution of marriage decree. Nevertheless, Shaikhs argued that since he had not received notice of the divorce proceedings, the court had no jurisdiction to enter the dissolution decree and therefore, due process required that the decree be invalidated. The Immigration Judge (the "IJ") held that:

[t]he [INS] did show by clear, convincing, and unequivocal evidence that [Shaikhs] entered the United States without a valid entry document. [Shaikhs] entered the United States using an immigrant visa based on his marriage to a United States citizen. The dissolution decree was entered on June 21, 1985, after which [Shaikhs] entered the United States using his visa on July 13, 1985. As he was not married at the time he entered the United States, the visa which he was using was invalid. The court finds that he is therefore deportable as a matter of law on this ground.

Deportation Order of November 25, 1996, at 3.

At the deportation hearing, Shaikhs also contended that: 1) the INS should have sought a recission of his visa rather than initiate deportation, and 2) because he had been a permanent resident for more than five years, the INS was barred from bringing either recission or deportation proceedings. The IJ rejected both of these positions, holding that the INS was not required to rescind the visa prior to bringing deportation proceedings and that the "five year recission limitation does not bar subsequent deportation proceedings." Accordingly, the IJ denied Shaikhs' motion to terminate the deportation proceedings and found him deportable to Pakistan.

On December 24, 1996, Shaikhs appealed the IJ's decision to the Board of Immigration Appeals (the "BIA"). Subsequent to filing his appeal to the BIA, he filed a motion to remand the matter to the IJ so that he could apply for a suspension of

deportation. On October 7, 1998, the BIA denied Shaikhs' motion for remand, finding that he had been given ample opportunity to file an application for relief before the IJ, but had failed to do so. The BIA also found that the IJ properly denied the motion to terminate proceedings and affirmed the final order of deportation. Specifically, the BIA held:

> [Shaikhs] provided no evidence, either during the hearing or on appeal, that his divorce was not legitimate or that he had challenged it in any way. Therefore, the Immigration Judge properly found that the visa used by [Shaikhs] to enter the United States and based on [his] marriage to a United States citizen was not valid. We find no ground upon which to terminate proceedings. Accordingly, [Shaikhs]' appeal of the Immigration Judge's decisions denying his motion to terminate will be dismissed.

BIA Deportation Order, at 2.

An appeal to this Court followed. We affirm.

## DISCUSSION

On appeal, Shaikhs contends that: 1) under Illinois law, the divorce decree did not become final until thirty days after the date it was entered (June 21, 1985), and that when he reentered the United States on July 13, 1985, he was still technically married and therefore reentered with a valid visa; and 2) the BIA's denial of his Motion to Terminate Proceedings lacked a rational explanation.

▬ The question of whether Shaikhs' visa was valid at the time of reentry into the United States rests on whether he was eligible for admission at the time of his reentry. Resolving this question requires that we interpret Illinois law to determine whether Rogers' divorce decree was enforceable at the time Shaikhs reentered the Untied States. Determining the date that an order or judgment becomes enforceable is a question of law, which we review *de novo*. *Sayaxing v. INS*, 179

F.3d 515, 519 (7th Cir. Apr.19, 1999). However, we accord the BIA deference in construing the statutes it administers. *Marquez v. INS*, 105 F.3d 374, 378 (7th Cir.1997).

Pursuant to the Illinois Code of Civil Procedure:

> the court may in its discretion, before final order of judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order of judgment upon any terms and condition that shall be reasonable.

735 ILCS 5/2–1301(e). Shaikhs urges this Court to interpret this statute to mean that a judgment rendered in Illinois does not become enforceable until the expiration of the 30 day period in which a party may file a motion to set aside the judgment. We reject Shaikhs contention; a judgment is enforceable when it its entered, not at some period thereafter. As Judge Posner recently suggested of another argument, "[t]he sparsity of case law on the question suggests not that the principle is dubious but that it is too obvious to have incited many challenges." *Amati v. City of Woodstock*, 176 F.3d 952, 955–56 (7th Cir.1999). A simple illustration using the Illinois Code of Civil Procedure demonstrates our point. Section 5/2–1203 states:

> Motions after judgment in non-jury cases. (a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extension thereof, file a motion for a rehearing, or retrial, or modification of the judgment or to vacate the judgment or for other relief.
>
> (b) A motion filed in apt time *stays enforcement of the judgment.*

735 ILCS 5/2–1203. (Emphasis supplied). An obvious assumption underlying § 5/2–1203 is that the judgment became *enforceable when entered*—otherwise, there would be no need for a stay of the judgment.

Here, the divorce became enforceable on June 21, 1985—the day the Illinois court issued the original judgment. Accordingly, Shaikhs was not married to Rogers when he reentered the United States on July 13, 1985. Since the validity of his visa was contingent on his marriage to a United States citizen, the BIA did not err in finding that Shaikhs reentered the United States using an invalid visa.

Alternatively, Shaikhs argues that the INS was required to rescind his visa before it could be rendered invalid under the divorce judgment. In other words, Shaikhs contends that even if his marriage was terminated before he reentered the United States, his visa continued to be valid because the INS never moved to rescind the visa between the date of the divorce decree and the date he reentered the United States. This contention overlooks a fundamental point: the validity of Shaikhs's visa was contingent upon a valid marriage to Rogers. *See* 22 C.F.R. § 42.21 (stating that an alien who is a *spouse* of a United States citizen may be eligible for an immediate relative visa). Without a valid marriage, Shaikhs had no valid visa. *Cf.* 8 C.F.R. § 204.2(h)(1) (stating that the approval of petition to classify an alien as an immediate relative under § 201(b) of the Immigration and Nationality Act "shall remain valid for the duration of the relationship to the petitioner and of the petitioner's status as established in the petition"). Thus, Shaikhs' argument fails.

Shaikhs next contends that in denying his Motion to Terminate Proceedings, the BIA abused its discretion by conducting a "cursory review of the evidence" and formulating a decision that lacked a rational explanation. In reviewing Shaikhs' argument, we may find an abuse of discretion when the BIA "fails to weigh important factors and to state its reasons for denying relief." *Vergara–Molina v. INS*, 956 F.2d 682, 685 (7th Cir. 1992). The BIA need not write an exegesis on every contention. "What is required is merely that it consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (internal quotation and citation omitted). Here, the BIA's opinion, when assessed as a whole, adequately demonstrates that the BIA considered the issues Shaikhs raised, albeit briefly. For example, Shaikhs argued at his hearing, as he does here, that his visa was still valid when he reentered the United States because his 30 days in which to file a motion for relief of judgement from the divorce decree had not yet expired. In response, the BIA noted that Shaikhs failed to prove that the divorce decree was invalid and that the IJ "properly found that the visa used by [Shaikhs] to enter the United States and based on [his] marriage to a United States citizen was not valid." These findings demonstrate that the BIA reviewed and thought about the central issue Shaikhs presented before the IJ and at his BIA hearing. Thus, we find no abuse of discretion.

AFFIRMED.