**UNITED STATES of America**

v.

**James PICKERING and William Bianucci, Defendants.**

**No. 02 CR 0583.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 17, 2003.

Patrick Sean Layng, United States Attorney's Office, Chicago, IL, for U.S.

## OPINION AND ORDER

NORGLE, District Judge.

Before the court is the motion of Defendant William Bianucci to continue the April 8, 2003 trial date. For the following reasons, the motion is granted.

## I. BACKGROUND

On June 12, 2002, Defendant, William Bianucci, the former comptroller of Erickson Cosmetics Company, was charged with various counts regarding the acquisition of funds from U.S. Bank. Bianucci was allowed to post a recognizance bond, in the amount of $100,000.00 in order to remain out on bond. Since June 12, 2002, the parties have appeared for several status hearings at which time the court has granted joint oral motions for the exclusion of time. On January 30, 2003, the court set a April 8, 2003 trial date. Bianucci now seeks to reset the April 8, 2003 trial date citing scheduling conflicts by his attorney Edward Genson.

Bianucci asserts two reasons for requesting a continuation of the April 8, 2003 trial date: (1) that Bianucci's attorney just completed an eight week criminal trial, before another court in the district, and (2) that Bianucci's counsel has an additional criminal trial set for March 24, 2003. Based on Bianucci's attorney's rigorous trial schedule, Bianucci requests to reset the trial date.

## II. DISCUSSION

■ The decision to grant or deny a motion to continue is committed to the broad discretion of the trial court. *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *United States v. Tingle*, 183 F.3d 719, 722 (7th Cir.1999); *United States v. Depoister*, 116 F.3d 292, 294 (7th Cir.1997); *United States v. Windsor*, 981 F.2d 943, 948 (7th Cir.1992); *United States v. Rasmussen*, 881 F.2d 395, 400 (7th Cir.1989); *United States v. Manos*, 848 F.2d 1427, 1434 (7th Cir.1988); *United States v. Rodgers*, 755 F.2d 533, 539 (7th Cir.1985). As a matter of discretion, the decision is properly left to the integrity and independence of the judiciary. Thus, the court's decision will withstand scrutiny, unless the court chooses "an option that was not within the range of permissible options from which [a reviewing court] would expect the trial judge to choose under the given circumstances." *Depoister*, 116 F.3d at 294 (citations omitted.); *see United States v. Koen*, 982 F.2d 1101, 1115 (7th Cir.1992); *see also Manos*, 848 F.2d at 1434 (noting that a question of continuance "must be decided on a case by case basis in the light of the circumstances presented, particularly the reasons for continuance presented to the trial court at the time the request is denied....."); *United States v. Davis*, 604 F.2d 474, 480 (7th Cir.1979) ("Reported decisions offer little guidance [in reviewing rulings on continuances]; each decision necessarily turns on the particular facts and circumstances of the case.").

■ " 'It is critically important that a trial court be able to maintain control over its calendars and that a trial date once set must be adhered to unless there are compelling reasons for granting a continuance.' " *United States v. Bush*, 820 F.2d 858, 860 (7th Cir.1987) (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir.1983)); *see also Morris*, 461 U.S. at 11, 103 S.Ct. 1610 (trial judge's burden of coordinating a trial date "counsels against continuances except for compelling reasons."); *United States v. Reynolds*, 189 F.3d 521, 527 (7th Cir.1999) (citing *Bush*). This basic tenet cannot be overstated. Respect for the judiciary demands that the court sets its schedule pursuant to the salient circumstances, and that, that decision not be disturbed absent compelling reasons to do so. *Cf. Shaikhs v. Immigration and Naturalization Svc.*, 181 F.3d 823, 825 (7th Cir.1999) (in a different context noting that " '[t]he sparsity of case law on the question suggests not that the principle is dubious but that it is too obvious to have incited many challenges.' ") (quoting *Amati v. City of*

*Woodstock,* 176 F.3d 952, 955–56 (7th Cir. 1999)).

▇▇▇ Where, as here, defense counsel moves for a continuance based on a scheduling conflict, the court must consider the defendant's Sixth Amendment rights. The Sixth Amendment guarantees a criminal defendant the right to assistance of counsel, including a limited right to counsel of choice. U.S. Const. amend. VI; *see also Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932) (Sixth Amendment provides a defendant a "fair opportunity to secure counsel of his own choice."). While there is a presumption in favor of the defendant's counsel of choice, *Wheat v. United States,* 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), the right to counsel of choice " 'is not absolute, but qualified, and must be balanced against the requirements of the fair and proper administration of justice.' " *Rasmussen,* 881 F.2d at 401 (quoting *United States v. Micke,* 859 F.2d 473, 480 (7th Cir.1988)). The focus of this Six Amendment inquiry is on the adversarial process, not the defendant's relationship with a particular lawyer. *Wheat,* 486 U.S. at 159, 108 S.Ct. 1692 (citing *United States v. Cronic,* 466 U.S. 648, 657 n. 21, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)); *United States v. Hughey,* 147 F.3d 423, 431 (5th Cir.1998); *Rodgers,* 755 F.2d at 540 n. 4. As the Supreme Court has explained:

> [W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.

*Wheat,* 486 U.S. at 159, 108 S.Ct. 1692 (1988); *see also Hughey,* 147 F.3d at 432 (holding that the District Court's denial of motion to continue, even though it re-

quired counsel to withdraw due to a scheduling conflict, protected the adversarial process and the defendant's substantial rights); *cf. United States v. Messino,* 181 F.3d 826, 830–31 (7th Cir.1999) ("The Sixth Amendment guarantees adequate counsel, not the best possible counsel.").

▇▇▇ The Sixth Amendment right to counsel of choice does not encompass a right to counsel who cannot comply with the court's reasonable schedule. *See Hughey,* 147 F.3d at 429–30 (citing cases and discussing situations where a defendant's limited right to counsel of choice must yield); *United States v. Delia,* 925 F.2d 574, 575 (2nd Cir.1991) ("The right to counsel of one's choice does not include a lawyer whose other commitments preclude compliance with a court's reasonable scheduling of its cases."). As Justice Brennan explained in his concurring opinion in *Morris:*

> The defendant's interest in preserving his relationship with a particular attorney is not afforded absolute protection. If the attorney is likely to be unavailable for an extended period, or if other factors exist that tip the balance in favor of proceeding in spite of a particular attorney's absence, the defendant's motion for a continuance clearly may be denied.

*Morris,* 461 U.S. at 25, 103 S.Ct. 1610 (Brennan, J. concurring in the result (joined by Marshall, J)). Thus, " 'where the inability of retained counsel to serve gives promise of unreasonable delay or inconvenience in completing the trial, the court may require the defendant to secure other counsel.' " *Kleba v. McGinnis,* 796 F.2d 947, 952 (7th Cir.1986) (quoting *United States v. Cicale,* 691 F.2d 95, 106 (2nd Cir.1982)). "[O]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris,* 461 U.S. at 11, 103

S.Ct. 1610 (quoting *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)); *see also United States v. Scopo,* 861 F.2d 339, 342–44 (2nd Cir.1988) (finding no abuse of discretion and no Sixth Amendment violation in denying a motion to continue).

▇▇▇▇ When counsel seeks a continuance because of a scheduling conflict, the court cannot arbitrarily deny the motion when the effect is to deny the defendant's limited right to counsel of choice. *See Morris,* 461 U.S. at 11, 103 S.Ct. 1610; *see also Rasmussen,* 881 F.2d at 401 & 402 (citing *Morris,* 461 U.S. at 11–12, 103 S.Ct. 1610 and *Ungar,* 376 U.S. at 589, 84 S.Ct. 841); *Hughey,* 147 F.3d at 426–33 (holding that the District Court's denial of a motion to continue based on defense counsel's scheduling conflict was not arbitrary); *Neal v. State of Texas,* 870 F.2d 312, 316 (5th Cir.1989) ("After a defendant has been given a fair or reasonable opportunity to obtain counsel of choice, the decision to grant or deny a continuance to permit a further opportunity to do so rests within the broad discretion of the trial court."). Thus, even though the court's scheduling is entitled to deference, the court must articulate its reasons for denying a motion to continue, and must exercise care when a criminal defendant's Sixth Amendment rights may be impacted. *See Morris,* 461 U.S. at 11, 103 S.Ct. 1610; *Rasmussen,* 881 F.2d at 401 & 402; *Hughey,* 147 F.3d at 426–33; *Neal,* 870 F.2d at 316. This rule does not require the court to articulate its reasons for setting a particular trial date, for that decision rests within the court's discretion and should remain inviolate. It is only when a party asks the court to change its calendar that the court must state why it will or will not change a scheduled date. The district court's resolution of this issue, like other matters that affect continuances, is within the court's discretion. *United States v. Brown,* 79 F.3d 1499, 1505 (7th Cir.1996). The courts of appeal are "loathe to find error" when the district court's reasoned course of action ensures that the adversarial process is secure, and the defendant's substantial right to prepared and available counsel is protected. *Hughey,* 147 F.3d at 431. The district court's decision will stand unless its actions are not within the range of permissible options. *Depoister,* 116 F.3d at 294; *Koen,* 982 F.2d at 1115 (noting that the appellate court will "not second-guess the [denial of a motion to continue] that is in conformity with established legal principles and, in terms of its application of those principles to the facts of the case, is within the range of options from which one could expect a reasonable trial judge to select.").

▇▇▇ What constitutes an arbitrary denial of a motion to continue depends on the facts at hand. *Depoister,* 116 F.3d at 294; *Manos,* 848 F.2d at 1434; *Davis,* 604 F.2d at 480. The district court is in the best position to consider the salient circumstances and make a reasoned decision as to the best course of action. *See United States v. Schwensow,* 151 F.3d 650, 655–56 (7th Cir.1998); *Davis,* 604 F.2d at 480. Some courts, notably in the Fifth Circuit, have announced a list of factors to consider in determining whether to grant a motion to continue when the denial of the motion may impact retained counsel's ability to stay on a case. *See Hughey,* 147 F.3d at 431–32. The Fifth Circuit's factors include: "(1) when the request for continuance was filed: (2) the nature of the reasons offered to support the continuance, particularly where there is reason to believe that those reasons are either less than candid or offered in bad faith; (3) the length of the requested delay; (4) the number of continuances previously granted; and, the great catch-all, (5) the general balance of convenience to the parties and the court." *Id.* (citing cases). The Sev-

enth Circuit, by contrast, has not announced such a list of factors to apply in this situation. The Seventh Circuit has outlined factors that are relevant to a motion to continue due to alleged inadequate time to prepare, *see e.g. United States v. Avery,* 208 F.3d 597, 602 (7th Cir.2000); *Bush,* 820 F.2d at 860, but that is a different issue than the one raised in a motion to continue that implicates the Sixth Amendment right to counsel of choice. *See United States v. Uptain,* 531 F.2d 1281, 1286 & 1289–90 (5th Cir.1976). In terms of a conflict between counsel's schedule and the court's schedule, the Seventh Circuit examines whether the decision to deny the continuance was arbitrary in light of the salient circumstances. *United States v. Santos,* 201 F.3d 953, 958–59 (7th Cir. 2000); *Rasmussen,* 881 F.2d at 401, 402.

■ In this particular instance, Bianucci's request to reset the trial date is reasonable. Bianucci's attorney has been actively participating and defending his client in this case. To deny Bianucci's motion to reset the trial date due to his attorney's busy criminal trial schedule would be unduly burdensome at this junction. The urgency of the April 8, 2003 trial date had been abated. The codefendant in this case, James Pickering has pleaded guilty, which may tend to shorten the length of the trial. The government does not object to the continuance. Bianucci is no longer employed as the comptroller of Erickson Cosmetics, from which he is accused of taking abusing his position. He is no longer in near proximity to the office personnel with whom he worked and who may be called as government witnesses.

Additionally, the date set in this case was coordinated with the setting of other cases, not the least of which was one involving an alleged conspiracy to murder by way of the delivery of a pipe bomb. That trial was abbreviated upon the pleas of guilty of several defendants, leaving only one who went to trial. Resetting the trial date in this case will not result in a major imposition on the several hundred parties on the criminal and civil agenda of this court. Therefore, Bianucci's motion to reset the trial date is granted.

### III.  CONCLUSION

Defendant, Bianucci's motion to reset the April 8, 2003 trial date is granted.

IT IS SO ORDERED.