**UNITED STATES of America, Appellee,**

v.

**Nicholas DELIA, Defendant–Appellant.**

**Docket No. 90–1745.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 6, 1991.

Decided Feb. 7, 1991.

JON O. NEWMAN, Circuit Judge (in Chambers):

This motion for extension of time to file a brief warrants a written disposition in order to inform the bar of the considerations that bear on such matters and of the strictness that will normally be applied. The motion has been referred to me as a one-judge motion, pursuant to Local Rule § 27(f). The motion seeks a postponement of one month in the due date of appellant's brief. The postponement is sought on the ground that counsel for appellant has been engaged since November 7, 1990, in a multi-defendant criminal trial and that the con-

tinuation of the trial will make it "extraordinarily difficult, if not impossible" to meet the briefing deadline established in this Court's scheduling order.

■ Like most courts, this Court is experiencing an increase in filings and is struggling to keep pace. We have obliged ourselves to take on extra panel assignments in order to handle our volume. For years, this Court, through the efforts of its judges and the cooperation of the bar, has led the courts of appeals of this country in avoiding or at least holding to a minimum the growth of a backlog and in maintaining the lowest median time from filing of appeals to disposition. We strive to maintain the pace for which this Court is highly regarded, not to value speed for its own sake, but in the firm conviction that once backlogs are permitted to develop, they tend to increase, with consequent impairment of the overall functioning of the court system. Consequently, those who invoke the appellate jurisdiction of this Court must expect that they will be called upon to adhere to court schedules adopted to enable us to keep pace with our workload.

Requests for relief from scheduling orders normally seek postponement of the date of appellant's brief, the date of appellee's brief, or the date of oral argument. If appellant's brief is postponed, the case is delayed in being placed on the general calendar, where it is available for assignment to a panel. A series of cases with such postponements will prevent the Court from scheduling arguments to keep pace with the appeals entitled to argument. We believe that we are the only federal court of appeals that still affords oral argument to every litigant who desires argument (except incarcerated *pro se* litigants). It will not be possible to maintain that opportunity for oral argument if a backlog develops in cases awaiting argument.

■ Postponements of the date of an appellee's brief or the date of an oral argument add to the case flow problem and, especially in the latter case, create additional problems, not always appreciated by the bar. Once an oral argument date is set, the briefs are distributed to a panel and the process of judicial consideration begins. A postponement, even for a week, moves the case to a new panel, thereby wasting the time invested by the members of the original panel and burdening three additional judges with an appeal that could have been adjudicated by the original panel. For that reason, counsel are invited, when they submit their appearance forms, to note the dates of any unavoidable unavailability, and they are notified in the scheduling order of the earliest week in which the appeal might be reached for oral argument. Some counsel fail to appreciate that they are subject to assignment for oral argument *at any time* after the earliest date listed in the scheduling order, not simply in the week or two following that date. If an unforeseen unavailability arises, it must be brought to the Court's attention at the earliest possible time, *before* a firm argument date has been assigned. Once the argument date has been set, postponement should not be expected.

We understand that no scheduling system should be administered without sensible regard for the vicissitudes of life. But we have an obligation to our Court, to the bar, to all litigants, and to the public to do what we can to administer our caseload expeditiously. That is why requests for postponements are scrutinized under rigorous standards and granted only under the most compelling circumstances.

■ The pending motion requests additional time because appellant's counsel is occupied with a lengthy trial. If counsel's other commitments preclude the expeditious handling of responsibilities for an appeal in this Court, then counsel will have to reconsider undertaking responsibility for the appeal. The right to counsel of one's choice does not include a lawyer whose other commitments preclude compliance with a court's reasonable scheduling of its cases. *See Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *United States v. Scopo*, 861 F.2d 339 (2d Cir.1988), *cert. denied*, 490 U.S. 1048, 109 S.Ct. 1957, 104 L.Ed.2d 426 (1989); *In re Caplin & Drysdale*, 837 F.2d 637 (4th Cir. 1988), *aff'd without consideration of this*

*point,* 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). Since counsel's application in this instance might have been made without sufficient awareness of the considerations set forth herein, it will be granted, but only to the limited extent of postponing the filing date for appellant's brief for ten days, rather than the 30 days requested.