UNITED STATES of America,
Plaintiff,

v.

Jorge A. DE CASTRO–FONT
[1], Defendant.

Civil No. 08–337 (FAB).

United States District Court,
D. Puerto Rico.

Oct. 28, 2008.

Daniel A. Schwager, Public Integrity, United States Department of Justice, Washington, DC, Ernesto G. Lopez-Soltero, Timothy R. Henwood, United States Attorneys Office, District of Puerto Rico, San Juan, PR, Jacqueline D. Novas-Debien, US Attorney's Office, District of Puerto Rico, Hato Rey, PR, for Plaintiff.

Lydia Lizarribar-Buxo, Lizarribar Masini Law Office, Joseph A. Boucher-Martinez, San Juan, PR, for Defendant.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

On October 23, 2008, defendant Jorge De Castro–Font filed a motion entitled "request to vacate trial for just cause" (Docket No. 46). In his motion, De Castro–Font argues that the trial date should be vacated for two reasons. First, he avers that his defense counsel will participate in another trial set in a criminal case scheduled to begin on November 10, 2008, and that the government estimated that trial in this earlier scheduled case will last two months. Second, De Castro–Font indicates that the discovery provided to date by the government contains copious amounts of materials, and that more time is needed to review the discovery materials.

■ In order to place De Castro–Font's request within some sort of legal framework, because he cites no authority for the requested relief, the Court shall treat it as a request for a continuance. Trial courts enjoy broad discretion when evaluating a motion for continuance. *Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *Macaulay v. P. Anas, M.D.,* 321 F.3d 45, 49 (1st Cir.2003). The basis for the discretion rests in part on "an important public interest in the efficient operation of the judicial system and in the orderly management of crowded dockets[,]" and in part on the unique position of a district judge, which makes that judge "the person best equipped to balance the competing considerations [involved in a motion for continuance]." *United States v. Devin,* 918 F.2d 280, 291 (1st Cir.1990). To overturn a district court's denial of a motion for continuance, a movant must show that he or she suffered substantial prejudice resulting from a serious error of law or meaningful lapse of judgment. *Correia v. Fitzgerald,* 354 F.3d 47, 52 (1st Cir.2003) (citing *United States v. Saccoccia,* 58 F.3d 754, 770 (1st Cir.1995)).

In ruling on a motion for a continuance, a trial court must first consider the reasons contemporaneously expressed by the party requesting a continuance. *Saccoccia,* 58 F.3d at 770 (citing *United States v. Lussier,* 929 F.2d 25, 28 (1st Cir.1991)). Factors that may prove relevant include the amount of time needed for effective preparation, the amount of time actually available for preparation, the amount of time previously available for preparation and how assiduously the movant used that time, the extent to which the movant contributed to his perceived predicament, the complexity of the case, the availability of assistance from other sources, the probable utility of a continuance, the extent of inconvenience to others if the continuance were granted, and the likelihood of injustice or unfair prejudice attributable to the denial of a continuance. *Saccoccia,* 58 F.3d at 770 (citations omitted); *see also United States v. Rodriguez–Duran,* 507 F.3d 749, 763 (1st Cir.2007) (citing four of the *Saccoccia* factors). The list of these factors is "neither exclusive nor universally applicable." *United States v. Ottens,* 74 F.3d 357, 360 (1st Cir.1996) (affirming the denial of a continuance where defense counsel requested more time for preparation). Each case involving a motion for continuance is *sui generis* and requires a case specific approach. *Id.*

De Castro–Font provides two rationales for granting a continuance: a prior trial date in which defense counsel is involved, and insufficient time for preparation related to a significant amount of discovery. These rationales raise different concerns. Principally, "[w]here defense counsel

moves for a continuance based on a scheduling conflict, the court must consider the defendant's Sixth Amendment rights." *United States v. Hanhardt*, 156 F.Supp.2d 988, 996 (N.D.Ill.2001). The Sixth Amendment guarantees a criminal defendant the right to assistance of counsel, including a limited right to counsel of choice. U.S. CONST. amend. IV; *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932). This limited right to counsel, however, must sometimes yield. *United States v. Hughey*, 147 F.3d 423, 429–30 (5th Cir.1998) (discussing situations where a defendant's limited right to counsel of choice must yield). As the Supreme Court has explained, "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

■ If defendant's chosen attorney "is likely to be unavailable for an extended period, or if other factors exist that tip the balance in favor of proceeding in spite of a particular attorney's absence, the defendant's motion for a continuance clearly may be denied." *Morris*, 461 U.S. at 25, 103 S.Ct. 1610 (Brennan, J. concurring (joined by Marshall, J.)). "Only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.* at 11–12, 103 S.Ct. 1610 (citing *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)).

De Castro–Font asserts that his defense counsel will participate in another criminal trial, *United States v. Anthony Dominguez* (Crim. 07–346(DRD)), scheduled to begin on November 10, 2008. He further alleges that the government estimated the Dominguez trial would last for two months. If the government accurately estimated the time for trial, then defense counsel would be tied up until just two days prior to the start of trial in this case, January 12, 2009. Nonetheless, as of today, the two-month estimate for the *Dominguez* case is just that, an estimate. The *Dominguez* case could conceivably be tried and finished by early December, and it just as easily might plea out before trial begins or shortly thereafter.[1]

■ Even assuming that the *Dominguez* case actually goes to trial and lasts for two months, something that this Court views as extremely unlikely, De Castro–Font may not be harmed by attorney Lizarribar–Buxo's absence from his case. After all, De Castro–Font has TWO attorneys of record. De Castro–Font's other attorney, Joseph Boucher–Martinez, is not an attorney of record in the *Dominguez* case. Neither does his name appear in the motion for a continuance signed by attorney Lizarribar–Buxo. On the record before the Court, there is no reason to believe that attorney Boucher–Martinez cannot devote the bulk of his time and attention to the preparation of De Castro–Font's case should attorney Lizarribar–Buxo need to divide her attention between different clients.

Putting aside for the moment this Court's belief that trial is unlikely to last for two months in the *Dominguez* case and that attorney Boucher–Martinez can continue to represent De Castro–Font if attorney Lizarribar–Buxo is involved in another trial, there remains an important point to be made: this Court need not allow De Castro–Font's self-inflicted Sixth Amend-

---

**1.** At filing, it appears that all of the defendants in the *Dominguez* case have received generous plea offers that may render trial unnecessary.

ment conflict to trump the Court's reasonable trial schedule. *See United States v. Delia,* 925 F.2d 574, 575 (2d Cir.1991) ("The right to counsel of one's choice does not include a lawyer whose other commitments preclude compliance with a court's reasonable scheduling of its cases.").

■ The grand jury issued the indictment against De Castro–Font on October 2, 2008 (Docket No. 3). This Court takes judicial notice of the fact that defense counsel Lizarribar–Buxo had already long been listed as defense counsel in the *Dominguez* case (Crim. 07–346(DRD), Docket No. 155). Moreover, by the time indictment was issued in this case, trial had already been set in the *Dominguez* case (Crim. 07–346(DRD), Docket No. 252). Thus, attorney Lizarribar–Buxo knew when she took on the representation of De Castro–Font that she had a pre-existing obligation to her already existing client that could, and likely would, interfere with her ability to dedicate herself to preparing De Castro–Font's defense. As further explained below, there is nothing objectively unreasonable about this Court's allocation to De Castro–Font of nearly three and a half months to prepare for trial. The fact that attorney Lizarribar–Buxo has a scheduling conflict that may impact her ability to prepare the defense does not outweigh the inconvenience to the Court and other litigants that a continuance will cause.

This Court has a busy trial schedule. Rescheduling trial in this case would require rescheduling trials in many other cases given the quantum of evidence that may be presented. This outcome would not only be an inefficient utilization of court resources, but it would also be unjust to the other litigants awaiting resolution of their cases. Therefore, this Court deems defense counsel's pre-existing trial schedule insufficient justification for granting a continuance in this case. If trial is not postponed in the *Dominguez* case, and if attorney Lizarribar–Buxo cannot divide the work for this case among other associates, whether they be legal, paralegal, administrative or investigative, such that De Castro–Font's defense is competently prepared, then she may have to withdraw and De Castro–Font may have to retain additional counsel, with sufficient time to prepare competently for the trial that *will* begin on January 12, 2009. *See Hughey,* 147 F.3d at 432.

■ De Castro–Font's second justification for a continuance, that there is too much discovery to be processed by the defense in the time available prior to trial, is no more meritorious than his first justification. Where, as here, the defense requests more time to prepare, "[t]he focus is on what constitutes a reasonable period of time for preparation, not on defense counsel's 'subjective satisfaction with [her] level of preparedness.'" *United States v. Marrero–Ortiz,* 160 F.3d 768, 777 (1st Cir. 1998) (citing *Ottens,* 74 F.3d at 359). While the discovery provided to date is substantial, this fact does not exist in a vacuum.[2] As of the date of De Castro–Font's motion, October 23, 2008, he had already received four discovery packages from the government. All discovery (but for Jencks materials) is due no later than

---

**2.** De Castro–Font reports that the four discovery packages produced by the government contain the following categories of information organized by package: (1) approximately 7,647 intercepted telephone recordings; approximately 6,073 consensual recorded telephone conversations; approximately 10,314 recorded signal and text messages from cellular phones; (2) an uncertain amount of additional video and audio recordings as well as pen register data for several cellular phones; (3) approximately 16,933 pages of material; and (4) approximately 1,589 pages of material (Crim. 08–337, Docket No. 46).

October 31, 2008 (Docket No. 39, pp. 1–4). In fact, the Scheduling Order requires an expedited designation of evidence under Federal Rule of Criminal Procedure 12, which is also due on October 31, 2008 (*Id.*). The Court inserted this provision into the Scheduling Order precisely to streamline the discovery process and to notify the defense of the specific evidence that the government intends to use in its case-in-chief with plenty of anticipation. This leaves the defense nearly two and a half months to process the discovery, most importantly the specific evidence that the government intends to utilize. This period of time appears to the Court as more than sufficient for the defense to review the discovery materials. *See United States v. Orlando–Figueroa,* 229 F.3d 33, 40–41 (1st Cir.2000) (finding no error in the denial of a continuance on grounds of inadequate time to prepare where defendants proceeded to trial within two months after indictment).

At the very least, for the defense to convince this Court that the quantum of evidence is so great as to warrant a continuance, defense counsel must represent to the Court what reasonable efforts she has undertaken to review efficiently the discovery provided to date. From the record before the Court, it is apparent that two attorneys are representing De Castro–Font. It may be that this case calls for a team of lawyers, or paralegals and investigators where appropriate, to review the discovery and marshal evidence for the defense. Defense counsel's failure to allocate sufficient resources to the case and to construct a plan to review the discovery and gather evidence in the time available to prepare for trial properly makes her excuse ring hollow.

When evaluating a request for continuance involving a potential surfeit of discovery, it is important that the court evaluate the complexity of the case. *See Rodriguez–Duran,* 507 F.3d at 767–68. Here, despite the large amount of discovery, the crimes alleged are quite straightforward. In essence the government claims that De Castro–Font accepted money, and sometimes sought out payment, in exchange for his support of a particular piece of legislation. Given the current record, the Court anticipates that the crimes alleged will not require a novel legal defense or the utilization of expert witnesses to present an opinion to the jury on some obscure or difficult to understand issue. Thus the lack of complexity of the case should not overburden a defense team who must review a large amount of discovery.

An additional concern raised by De Castro–Font, although not among the factors listed by the First Circuit Court of Appeals as relevant to deciding a motion for a continuance, is the role of ethical constraints upon counsel. De Castro–Font argues that the American Bar Association's ("ABA's") Model Rules of Professional Conduct ("Model Rules") require a lawyer to be competent. MODEL RULES OF PROF'L. CONDUCT R. 1.1. Competence in turn is said to require "thoroughness and preparation reasonably necessary for the representation." *Id.*; *see also* Loc.Civ.R. 83.5 (requiring attorneys appearing before this Court to comply with the Model Rules). De Castro–Font interprets this passage as persuasive authority favoring the grant of a continuance in his case. This Court sees it as favoring a denial if read, as it must, in conjunction with other Model Rules and ethical standards.

Model Rule 1.7 prohibits a lawyer from representing a client if the representation involves a concurrent conflict of interest. MODEL RULES OF PROF'L. CONDUCT R. 1.7(a). Such a conflict exists where "there is a significant risk that the representation of one or more clients will be materially limit-

ed by the lawyer's responsibilities to another client[.]" *Id.* Also of relevance is the ABA's Standards for Criminal Justice: Defense Function. Among other things, these standards admonish that "[d]efense counsel should not carry a workload that, by reason of its excessive size, interferes with the rendering of quality representation, endangers the client's interest in the speedy disposition of charges, or may lead to the breach of professional obligations." AMERICAN BAR ASSOCIATION STANDARDS FOR CRIMINAL JUSTICE DEFENSE FUNCTION, STANDARD 4–1.3(e). Moreover, this standard directs defense counsel not to accept employment for the purpose of delaying trial. *Id.*

Reading these three ethical precepts in conjunction it is clear to the Court that the ethical obligation upon attorney Lizarribar–Buxo required her to not accept the representation of De Castro–Font if it implicated that she would be unable to prepare for both his representation and that of her pre-existing clients. While this Court has no reason to question attorney Lizarribar–Buxo's motive in accepting the representation, it is clear to the Court, as stated above, that she was aware of the trial schedule for another of her clients. The Court also believes that it would be apparent to any seasoned criminal attorney that the De Castro–Font case would involve a considerable amount of discovery review and case preparation once the grand jury issued the indictment (which, of course, occurred prior to the start of attorney Lizarribar–Buxo's representation of De Castro–Font in this case, but after she was retained). Thus, this Court views defense counsel's scheduling conflict raised now as largely one of her own invention.

It is up to defense counsel to create her own solution.

Prior to concluding the Court would be remiss if it did not emphasize that this case involves a great deal of public interest.[3] De Castro–Font is a legislator, charged with serious crimes related to his public office, who has elected to run for office in the upcoming election. If elected, he could take his new oath of office on or about January 22, 2009. Also, De Castro–Font is not the only public official in Puerto Rico to be charged with corruption in recent years. Indeed, the problem of public corruption is prevalent in Puerto Rico. It is a problem that must be addressed efficiently to enable the proper functioning of our democratic form of government. Both the Commonwealth of Puerto Rico and De Castro–Font need a speedy trial to enable the legislature to function normally. The people of Puerto Rico expect nothing less.

In sum, the reasons proffered by De Castro–Font in support of his motion for a continuance do not provide an adequate basis for granting one. Proper attention to the demands involved in defense counsel's pre-existing case and those likely to be involved in a case such as De Castro–Font's would have turned on "alarm bells" in the head of a forward-looking member of the defense bar. It is not the Court's duty to remedy defense counsel's lack of foresight, especially when to do so would require the Court to postpone or shift trial dates in other cases awaiting trial. Moreover, on the record currently before the Court, a reasonable amount of time remains for De Castro–Font to prepare his defense. Accordingly, De Castro–Font's

---

**3.** There exists the possibility that the public interest in this case provides a good reason for attorney Lizarribar–Buxo to request a severance for her client in the *Dominguez* case. Such a severance would be beneficial to both De Castro–Font and her other client.

"motion to vacate trial for just cause" (Docket No. 46) is hereby **DENIED.**

**IT IS SO ORDERED.**